308

ANNA TULL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 14, 1936.*

R. I. DOVE, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant is the widow of Oscar Tull, who, on the 6th day of May, A. D. 1936, was employed by respondent as patrolman's first helper in the Maintenance Department, Division of Highways, Department of Public Works and Buildings. About 2:10 p. m. on May 6th, 1936, Mr. Tull was engaged in repairing S. B. I. Route No. 16, three and one-half miles east of the city of Shelbyville, and while so employed, and while in the course of his employment, was struck by an automobile driven by one Norman Seifkin of Decatur, Illinois, and sustained injuries which resulted in his death the same day.

Under the stipulation in the record and the law, we find as follows:

1. That on May 6th, 1936, said employer and said employee were operating under and bound by the terms and provisions of the Workmen's Compensation Act of this State.

2. That on said date claimant's intestate sustained accidental injuries which arose out of and in the course of his employment, and which resulted in his death on the same date.

3. That the respondent had actual notice of the accident the day it occurred, and claim for compensation was made by filing the application therefor within six months after the accident, in accordance with Section 24 of the Workmen's Compensation Act.

4. That said decedent left him surviving the claimant, Anna Tull, his widow, whom he was under legal obligation to support, and no child or children under the age of sixteen years.

5. That said employee was not engaged in the employment of the respondent for the full year immediately preceding the accident; that the annual earnings of persons of the same class as claimant's intestate, in the same employment and same location during the year next preceding the injury, were Eight Hundred Forty-nine Dollars and Sixty-five Cents ($849.65); and that the average weekly wage of such persons during such period was Sixteen Dollars and Thirty-four Cents ($16.34).

6. That under the provisions of Section 7A of the Act, claimant is entitled to an award in the amount of Thirty-three Hundred Ninety-eight Dollars and Sixty Cents ($3,398.60), payable in weekly installments, in accordance with the provisions of such Act.

It is Therefore Ordered that an award be and the same is hereby entered in favor of the claimant, Anna Tull, for the sum of Thirty-three Hundred Ninety-eight Dollars and Sixty Cents ($3,398.60), payable in Four Hundred Fifteen (415) weekly installments of Eight Dollars and Seventeen Cents ($8.17) each commencing on May 7th, A. D. 1936, and one final installment of Eight Dollars and Five Cents ($8.05).

Claimant is now entitled to have and receive from the respondent the sum of One Hundred Seventy-nine Dollars and Seventy-four Cents ($179.74), being the amount of compensation which has accrued from May 7th, A. D. 1936 to October 8th, A. D. 1936; and the remainder of said award, to wit, Thirty-two Hundred Eighteen Dollars and Eighty-six Cents ($3,218.86), will be paid by said respondent in Three Hundred Ninety-three (393) weekly installments of Eight Dollars and Seventeen Cents ($8.17) each commencing on October 15th, A. D. 1936, and one final installment of Eight Dollars and Five Cents ($8.05).

This award being subject to the provisions of an Act entitled *"An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof"*, approved July 2, 1935 (Session Laws 1935, p. 49) and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such

approval is given, made payable from the Road Fund in the manner provided by such Act.

The personal representative of the decedent may have a right of action against the owner or driver of the car which struck the decedent. If such right of action exists, and a judgment is obtained by such personal representative, the rights of the State of Illinois to be reimbursed for the amount paid by it in accordance with this award, are fixed by the terms and provisions of the Workmen's Compensation Act.

In order that the rights of the State in that behalf may be fully protected, it is ordered that this cause be and the same be continued generally, and that this court retain jurisdiction thereof for the purpose of making such further orders herein as may be justified by future developments, and as may be in accordance with law.